```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

JOSEPH ZAREMBA,

        Plaintiff,
v.                                    Case No. 8:14-cv-1016-T-33TGW

ORTHOPEDICS, INC., ET AL.,

        Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to the jurisdictional briefs filed by the parties and Plaintiff's request for an order of remand. (Doc. ## 17, 18). For the reasons that follow, having duly considered the filings of the parties, the Court remands this action to State Court pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

**I.  Background**

On April 28, 2014, the Biomet Defendants (Biomet, Inc., Biomet Orthopedics, LLC, Biomet U.S. Reconstruction, LLC and Biomet Manufacturing Corporation) removed this action from the Twelfth Judicial Circuit, in and for Sarasota County, Florida. (Doc. # 1). The Biomet Defendants predicate the Court's exercise of subject matter jurisdiction on complete diversity of citizenship. However, the Biomet Defendants

acknowledge that Plaintiff (Joseph Zaremba) and the Distributor Defendants (Orthopedics, Inc. and James H. Barr) are all citizens of Florida. The Biomet Defendants assert that this Court may nevertheless exercise subject matter jurisdiction over this case under the doctrine of fraudulent joinder.

On May 2, 2014, this Court directed the parties to brief the Court regarding subject matter jurisdiction. (Doc. # 8). On May 14, 2014, the Biomet Defendants filed a brief in support of removal. (Doc. # 17). On May 20, 2014, Plaintiff filed a brief in response requesting an order of remand, to which the Biomet Defendants replied on May 28, 2014. (Doc. ## 18, 23).

**II. Analysis**

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point

in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

In removed cases, 28 U.S.C. § 1447(c) specifies, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are strictly construed against removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108 (1941). Any doubt as to propriety of removal should be resolved in favor of remand to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).[1]

### A. Fraudulent Joinder

"In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998)(quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)(citing Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989)). "The burden of establishing fraudulent joinder

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

3

is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." Pacheco, 139 F.3d at 1380 (citing Cabalceta, 883 F.2d at 1562).

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Pacheco, 139 F.3d at 1380. The Court must review the factual allegations in the light most favorable to the plaintiff and must resolve uncertainties about the applicable law in favor of the plaintiff. Id.

The fact that the plaintiff may not ultimately prevail against the resident defendant is of no consequence. Id. The role of the court is not to weigh the merits of a plaintiff's claim beyond the determination of whether the claim is colorable under state law. Id. at 1380–81 (quoting Crowe, 113 F.3d at 1538). As stated in Stillwell v. Allstate Insurance Co., 663 F.3d 1329 (11th Cir. 2011), "all that is required to defeat a fraudulent joinder claim is a *possibility* of stating a valid cause of action." Id. at 1333 (emphasis added)(citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)).

4

**B.   Zaremba's Claims Against Non-Diverse Defendants**

Within Counts one through four of the Complaint, Zaremba alleges claims against the Non-Diverse Distributor Defendants as well as against the Biomet Defendants for negligence, negligent failure to warn, strict liability failure to warn, and strict liability. (Doc. # 2 at 18-21). Within Counts five through six of the Complaint, Zaremba alleges additional claims against the Biomet Defendants for breach of implied warranty and breach of express warranty. This action stems from the M2a-Magnum Metal-on-Metal hip replacements that Zaremba received from the Distributor Defendants, which allegedly contained defective components.

Under Florida law, in order to prove strict liability, the user of a product must establish the seller's relationship to the product in question, the defect and unreasonably dangerous condition of the product, and the existence of the proximate causal connection between such condition and the user's injuries or damages. West v. Caterpillar Tractor Co., 336 So. 2d 80, 87 (Fla. 1976)(adopting the doctrine of strict liability as stated within the Restatement (Second) of Torts § 402A (1965)).

Since West, Florida courts have expanded the doctrine of strict liability beyond manufacturers to those in the

5

distributive chain. See Samuel Friedland Family Enters. v. Amoroso, 630 So. 2d 1067, 1068 (Fla. 1994)(recognizing that Florida courts have expanded the doctrine of strict liability beyond manufacturers to those in the distributive chain including retailers, wholesalers, and distributors); Porter v. Rosenberg, 650 So. 2d 79, 81 (Fla. 4th DCA 1995)(further recognizing that strict liability has been extended to distributors of a defective product).

The Biomet Defendants argue that Zaremba fraudulently joined the Distributor Defendants in order to defeat federal diversity jurisdiction. (Doc. # 17). In support of their position, the Biomet Defendants assert that Zaremba cannot state strict liability claims against the Distributor Defendants because the Distributor Defendants are not within the "chain of distribution." Id.

Zaremba counters that all parties within the chain of distribution are strictly liable for product defects under Florida law and that distributors, such as the Distributor Defendants, are within the chain of distribution. (Doc. # 18). Within Count four of the Complaint, Zaremba pleads that Florida strict liability law extends to the Defendant Distributors. (Doc. # 2 at ¶¶ 136-41).

Specifically, Zaremba alleges that the Distributor

6

Defendants distributed the M2a-Magnum Metal-on-Metal hip components implanted in Zaremba. (Id. at ¶ 137). Zaremba further alleges that the M2a-Magnum Metal-on-Metal hip components contained defects that made them unreasonably dangerous beyond the expectations of the ordinary consumer and were unfit for their intended use. (Id.). Zaremba maintains that the M2a-Magnum Metal-on-Metal hip components reached Zaremba without substantial change in the condition in which they were sold and were properly used for the purpose for which they were intended. (Id. at ¶¶ 138-39). Zaremba also claims that he suffered injuries as a direct and proximate result of the defective product distributed by the Distributor Defendants. (Id. at ¶ 141).

Without weighing the merits of Zaremba's claims, the Court finds that Zaremba has made a possible, colorable claim against the Non-Diverse Distributor Defendants under Florida strict liability law by alleging that the Distributor Defendants are part of the chain of distribution for defective M2a-Magnum Metal-on-Metal hip components. The Biomet Defendants have not satisfied their heavy burden of proving to the Court that there is no possibility Zaremba can establish a cause of action against the Distributor Defendants, based upon Florida strict liability law, or that

7

Zaremba has fraudulently pled jurisdictional facts. Pacheco, 139 F.3d at 1380-81. Therefore, because the Biomet Defendants have not met their burden of establishing fraudulent joinder, the Court remands the action to State Court.

**C.   Preemption**

The Biomet Defendants cite PLIVA, Inc. v. Mensing, 131 S. Ct. 2567, 2577 (2011) in support of the proposition that, even if Florida law imposes a strict liability duty to warn on medical sales representatives, such a duty is preempted by the FDA's misbranding regulations prohibiting deviations from the warning on file with the FDA as part of the manufacturer's pre-market notification submissions. 21 U.S.C. §§ 331(b) and 352 (a)-(c); (Doc. # 17).

However, the Court finds that, even if a state is precluded from imposing a strict liability duty to warn upon device distributors under Mensing, Counts one and four of Zaremba's Complaint allege causes of action against the Distributor Defendants that are not based upon a duty to warn.[2] (Doc. # 2 at 18-22). Therefore, because Zaremba has

---

[2] Furthermore, the Biomet Defendants have not shown that imposing an independent duty to warn upon device distributors under state law conflicts with federal law under Mensing. 21 U.S.C. §§ 331(b) and 352 (a)-(c). There is a marked difference between a duty requiring a drug manufacturer to physically change its federally approved label and a duty requiring a

made a possible, colorable claim under Florida law, independent of a duty to warn, Mensing does not preclude Zaremba from bringing Counts one through four against the Distributor Defendants and Counts one through six against the Biomet Defendants in State Court.

### D.   Costs and Attorneys' Fees

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The award of costs and attorneys' fees is discretionary under 28 U.S.C. § 1447(c). See Publix Supermarkets, Inc. v. United Food & Commercial Workers Int'l Union, AFL–CIO & CLC, 900 F. Supp. 419, 421 (M.D. Fla. 1995) (citation omitted).

Zaremba requests an award of costs and attorneys' fees on the basis that the Biomet Defendants lacked an objectively reasonable basis for removal. (Doc. # 18 at 18-19). The Court

---

distributor to warn a third party of what the federally approved label or warning on file with the FDA says. Accordingly, whether Florida law imposes a duty to warn upon device distributors such as the Distributor Defendants is a determination best left to State Court.

9

determines that the Biomet Defendants had an objectively reasonable, but ultimately unsuccessful, basis for removing this action. Additionally, no unusual circumstances exist to warrant an award of costs and attorneys' fees. Thus, although the Court has determined that it is appropriate to remand the case, the Court does not find that an award of costs and attorneys' fees is warranted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this action to State Court pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

(2) After remand has been effected, the Clerk shall close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of July, 2014.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record